```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
STATE OF NEW YORK,                                      :
                                                        :
                                Plaintiff,              :
                                                        :
                -v-                                     :      19-CV-3287 (JMF)
                                                        :
ANDREW WHEELER, in his official capacity as             :      MEMORANDUM OPINION
Administrator of the Environmental Protection Agency    :         AND ORDER
and ENVIRONMENTAL PROTECTION AGENCY,                    :
                                                        :
                                Defendants.             :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Section 110(a)(2)(D)(i) of the Clean Air Act (the "Act"), also known as the "Good Neighbor Provision," requires any state implementing new National Ambient Air Quality Standards to address the downwind effect of its emissions on other states. *See* 42 U.S.C. § 7410(a)(2)(D)(i). Section 126(b) the Act provides that "[a]ny State or political subdivision may petition" the Administrator of the Environmental Protection Agency ("EPA") for a finding that a source or group of sources in another state emits (or would emit) air pollution in violation of the "Good Neighbor Provision." *See id.* § 7426(b). "Within 60 days after receipt of any [such] petition . . . and after public hearing," the statute provides, "the Administrator *shall* make such a finding or deny the petition." *Id.* (emphasis added).

      On March 12, 2018, Plaintiff New York State filed a petition pursuant to Section 126(b) seeking a finding that sources or groups of sources in nine other states are violating the Good Neighbor Provision. *See* ECF No. 1-2. The EPA Administrator at the time, E. Scott Pruitt, invoked his statutory authority to extend the agency's time to act on the petition for six months, up to and including November 9, 2018. *See* 83 Fed. Reg. 21,909, 21,909-10 (May 11, 2018); *see also* 42

U.S.C. § 7607(d)(10). Defendants did not, however, meet that deadline. On April 12, 2019, after complying with its statutory prerequisites to suit, Plaintiff brought this action pursuant to the Act's citizen-suit provision, *see* 42 U.S.C. § 7604(a)(2), to compel the current EPA Administrator, Andrew Wheeler, to take final action on its petition in accordance with Section 126(b). *See* ECF No. 1 ("Compl."). The parties agreed that there was no need for discovery, *see* ECF No. 14, at 4, and the Court set a schedule for summary judgment briefing, *see* ECF No. 15. On May 6, 2019, Administrator Wheeler signed a notice of proposed rulemaking proposing to deny the petition and opening a public comment period that ran through July 15, 2019. *See* 84 Fed. Reg. 22,787 (May 20, 2019). Plaintiff now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, seeking an order declaring Defendants to be in violation of Section126(b), mandating that Defendants take final action on its petition, and granting it costs and attorney's fees. ECF No. 17 ("Pl.'s Mem.").

Notably, Defendants do not dispute any of the relevant facts or that they have violated their nondiscretionary statutory duty to act on Plaintiff's petition by November 9, 2018. In light of that, they wisely concede that "the Court may order the Administrator to take final action on New York's petition." ECF No. 24 ("Defs.' Mem."), at 1. Summary judgment in Plaintiff's favor is therefore appropriate. *See, e.g.*, *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 52 (D.D.C. 2006). The only real disputes relate to remedies: first, whether the Court should order Administrator Wheeler to comply with his nondiscretionary statutory obligation by September 13, 2019, as Plaintiff proposes, or by October 18, 2019, as Defendants now propose; and second, whether the Court should resolve New York's request for costs and attorney's fees now or after further briefing. *See* Pl.'s Mem. 22-23; Defs.' Mem. 12 n.3; ECF No. 30.[1]

---

[1] Defendants' memorandum of law in opposition to Plaintiff's motion, filed before the close of the public comment period, maintained that "[t]he scope of work, and length of time it will take to finalize the action on [Plaintiff's] petition is dependent on the quantity and substance of the

It is well established that a district court has authority "to compel EPA to comply with a nondiscretionary duty by a date certain established by court order." *New York v. Pruitt*, No. 18-CV-406 (JGK), 2018 WL 2976018, at *3 (S.D.N.Y. June 12, 2018) (alteration and internal quotation marks omitted). In such a situation, "the court may exercise its equity powers to set enforceable deadlines both of an ultimate and an intermediate nature," but "may extend the time for compliance only where it would be infeasible or impossible for EPA, acting in good faith, to meet the deadline, either due to budget and manpower constraints or because of the need for further study." *Id.* (alterations and internal quotation marks omitted). "The genesis of this doctrine is in the maxim that a court will not exercise its equity powers to compel one to do that which is impossible." *New York v. Gorsuch*, 554 F. Supp. 1060, 1064 (S.D.N.Y. 1983). Such "impossibility claims" must be "carefully scrutinized," however, and "EPA's burden in such cases is especially heavy." *Nat. Res. Def. Council, Inc. v. U.S. E.P.A.*, 797 F. Supp. 194, 197 (E.D.N.Y. 1992) (internal quotation marks omitted). In particular, the EPA's burden is not satisfied by "claims that additional time is needed simply to improve the quality or soundness of the regulations to be enacted," since the statute's mandatory timeline already embodies the congressionally selected balance between "timely implementation" and "extensive agency information-gathering and analysis." *Sierra Club*, 444 F. Supp. 2d at 53; *see Am. Lung Ass'n v. Reilly*, 962 F.2d 258, 263 (2d Cir. 1992) ("[C]ongress has prescribed a categorical mandate that deprives EPA of all discretion over the timing of its work.").

---

comments received," Defs.' Mem. 17, and cited the "risk" that "the comments may well be both substantively complicated and voluminous" in support of November 1, 2019 as a proposed deadline, Defs.' Mem. 2-3, 21. Defendants noted "[b]y analogy" that "prior regional interstate transport actions have resulted in hundreds or thousands of detailed technical and legal comments that require careful consideration by EPA," and cited examples of petitions involving comparatively small numbers of sources whose public comment periods nevertheless generated 27 and 118 comments, respectively. *Id.* at 17. Defendants ultimately received only "43 comments, totaling more than 600 pages." ECF No. 30. "[I]n recognition of the lower volume of comments received" compared to what they had forecast, Defendants shortened their proposed schedule by two weeks. *Id.* at 2.

3

Applying those standards here, the Court concludes that EPA has not satisfied its burden to show that compliance with Plaintiff's proposed timeline would be so "infeasible or impossible" as to invoke the equitable maxim against ordering the impossible. Defendants represent that a "significant amount of work remains" in order to take final action on Plaintiff's petition in a manner they believe to be reasonable. Defs.' Mem. 16, *see id.* at 14-25. That may be so, but it is Defendants' burden — and an "especially heavy" one, at that — to show that compliance with Plaintiff's proposed deadline (which is, itself, *over ten months* past the statutory deadline) is "infeasible or impossible." *Nat. Res. Def. Council*, 797 F. Supp. at 196-97. Put simply, they have not come close to carrying that burden. *See, e.g.*, *Sierra Club*, 444 F. Supp. 2d at 56 (noting that "courts evaluating claims of impossibility when an agency has failed to meet a mandatory deadline generally have rejected claims that additional time is need to ensure substantively adequate regulations," and collecting cases). Accordingly, the Court will order the Administrator to take final action on Plaintiff's petition by September 13, 2019. Further, because Plaintiff's request for a declaratory judgment is unopposed and "plainly . . . supported by the undisputed facts," *New York*, 2018 WL 2976018, at *4, the Court will incorporate the requested declaratory relief into its judgment.

That leaves the matter of costs and attorney's fees. Plaintiff seeks such costs and fees under Section 304(d) of the Act, which provides that a "court, in issuing any final order in any action brought pursuant [Section 304(a)], may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 42 U.S.C. § 7604(d). Defendants' sole response — relegated to a single, cursory footnote — is that such an award would be "premature" and should be "deferred until after the Court decides" this motion "and after separate briefing by the parties." Defs.' Mem. 12 n.3. That is inadequate. *See, e.g.*, *Pirnik v. Fiat Chrysler Autos., N.V.*, 327 F.R.D. 38, 43 n.2 (S.D.N.Y. 2018) (stating that an

4

argument "relegated to a footnote . . . does not suffice to raise [an] issue" and citing cases). Accordingly, Plaintiff's request for costs and fees pursuant to Section 304(d) is granted as unopposed (or, to the extent that Defendants' footnote can be construed as opposition, on the merits). The Court will defer determination of the amount of such costs and fees to allow the parties an opportunity to reach agreement.

For the foregoing reasons, Plaintiff's motion for summary judgment and for injunctive relief is GRANTED. Consistent with this Memorandum Opinion and Order, the Court will enter judgment accordingly and enjoin Defendants to take final action on New York's petition by September 13, 2019. The parties are directed to confer in an effort to resolve or narrow any disputes regarding the extent of Plaintiff's entitlement to costs and attorney's fees. Plaintiffs shall file an application with respect to any remaining disputes (supported by contemporaneous billing records, as appropriate) by **October 15, 2019**; any opposition shall be filed by **October 29, 2019**; no reply shall be permitted absent leave of Court. The Clerk of Court is directed to terminate ECF No. 16 and, after judgment is entered, to close the case. The Court will retain jurisdiction to enforce its judgment.

SO ORDERED.

Dated: July 25, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge